**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DIVISION OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| **KATTIE DEDLOFF,** | |
| **Plaintiff,** | |
| v. | Case. No. 4:22-cv-1340 |
| **WHOLE FOODS MARKET GROUP, INC.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**DEFENDANT WHOLE FOODS MARKET
GROUP, INC.'S NOTICE OF REMOVAL OF ACTION**

Defendant Whole Foods Market Group, Inc. ("WFM Group"), by and through its undersigned counsel, hereby provides notice of the removal of this action, entitled *Kattie Dedloff v. Whole Foods Market Group, Inc.*, Case No. 2211-CC01008, from the Circuit Court for St. Charles County, Missouri to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Removal is warranted under 28 U.S.C. § 1441(b) because this is a diversity action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a).  The following is a short, plain statement of the grounds for removal provided pursuant to 28 U.S.C. § 1446(a).

## I. DESCRIPTION OF THE ACTION

1. On November 4, 2022, Kattie Dedloff ("Plaintiff") filed a Petition, on behalf of herself and a putative class of consumers from Missouri and nine other states, in the Circuit Court for St. Charles County (the "State Court Action").  (A copy of the Petition is attached as **Ex. 3**).  The Petition alleges that WFM Group:  (1) engages in deceptive marketing practices by selling 365 by Whole Foods Market *Organic* Long Grain & Wild Rice, Rice Pilaf ("365 Rice Pilaf") in opaque boxes that allegedly contain 50% empty space; (2) breach express and implied warranties that each box of 365 Rice Pilaf contains an amount of rice that has a reasonable relationship to the size of the box; and (3) misrepresent the amount of rice contained in each box of 365 Rice Pilaf.

2.     Specifically, Plaintiff alleges that WFM Group manufactures, labels, markets and sells 365 Rice Pilaf in rectangular, opaque boxes that reasonable consumers expect, based on the size of the box, to be substantially filled with rice and seasoning. *See* Petition, ¶¶1, 20-21. Plaintiff alleges WFM Group misrepresents the amount of rice and seasoning in the 365 Rice Pilaf boxes because each box allegedly contains 50% empty space. *Id.*, ¶¶22-23. Plaintiff alleges there is no justifiable or functional reason for the empty space in each box, making the packaging misleading to consumers. *Id.*, ¶¶24-52. Plaintiff contends she, and consumers like her, are injured because the 365 Rice Pilaf is sold at a price premium and is worth less than what she paid. *Id.,* ¶¶65-67, 105.

3.     Based on these and similar allegations, Plaintiff asserts claims for: (1) violations of the Missouri Merchandising Practices Act ("MMPA"); (2) violations of the Consumer Fraud Acts of several other states; (3) breach of express and implied warranties; (4) negligent misrepresentation; (5) fraud; and (6) unjust enrichment. Plaintiff seeks injunctive relief, monetary damages, including statutory and/or punitive damages, interest, costs, expenses, reasonable attorneys and expert fees and any further relief the Court deems just and proper. *See* Petition at p. 19. Plaintiff seeks this relief on behalf of herself and putative classes of all purchasers in Missouri, Illinois, Maryland, Hawaii, New York, Washington D.C., Rhode Island, Vermont, Washington and Connecticut. *Id*, ¶108.

4.     As set forth more fully below, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and the action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

## II.     NOTICE OF REMOVAL IS TIMELY

5.     Pursuant to 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"

6. WFM Group is the only named defendant in Plaintiff's Petition. On November 15, 2022, Plaintiff served her Petition on WFM Group through its agent for service of process in Indianapolis, Indiana. As of the filing of WFM Group's Notice of Removal, Plaintiff has not filed a Proof of Service or Return of Summons in the State Court Action. *See* State Court Action Docket (**Ex. 6** attached).

7. Thus, WFM Group's Notice of Removal is timely under 28 U.S.C. § 1441(b)(1) because this Notice of Removal is filed within thirty (30) days after WFM Group was served with Plaintiff's Petition.

### III.   REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION

8. Under the provisions of 28 U.S.C. § 1332, this Court has original jurisdiction over this case and, therefore, it may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

9. Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States …" 28 U.S.C. § 1332(a)(1).

**A.   Diversity Jurisdiction Under 28 U.S.C. § 1332(a)**

10. As detailed below, this action may be removed to this Court pursuant to 28 U.S.C. § 1332(a) because Plaintiff is a citizen of Missouri (Petition, ¶68), WFM Group is a citizen of Delaware and Texas (Petition, ¶69), and the amount in controversy exceeds $75,000, exclusive of interest and costs.[1] *See* 28 U.S.C. § 1332(a)(1).

---

[1] WFM Group relies upon the Plaintiff's allegations solely for purposes of assessing eligibility for removal based on diversity jurisdiction, 28 U.S.C. § 1332(a). WFM Group reserves all rights to challenge these allegations for all other purposes, including, but not limited to, denying that the putative classes are properly defined, that the Plaintiff has standing to assert claims on behalf of the alleged putative classes, and that the claims in this case are proper for class treatment.

11. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C § 1441(a). Since this Court has "original jurisdiction" over this action under 28 U.S.C. § 1332(a), this case may be removed pursuant to 28 U.S.C. § 1441.

12. The provisions of 28 U.S.C. § 1441(b)(2) barring removal if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" does not prevent removal of this action because WFM Group, the only named defendant in this case, is not a citizen of Missouri. *See* Petition, ¶69.

### 1. Complete Diversity of Citizenship Exists Between the Parties.

13. "Diversity jurisdiction in a class action depends solely on the citizenship of the named parties." *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014), citing *Snyder v. Harris*, 394 U.S. 332, 340, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969) ("[I]f one member of a class is of diverse citizenship from the class' opponent, and no nondiverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant."). Plaintiff Dedloff and WFM Group are the only named parties.

14. Plaintiff is a citizen of St. Charles County, Missouri. *See* Petition, ¶¶68, 72.

15. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which is has been incorporated and of the State or foreign state where it has its principal place of business …" 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (holding that a corporation is a citizen of its place of incorporation and its "principal place of business," which is "the actual center of direction, control, and coordination" of the corporation's activities). Plaintiff correctly alleges in her Petition that "Defendant Whole Foods Market Group, Inc. is a Delaware corporation with its principal place of business in Austin, Texas, Travis

4

County." Petition, ¶¶69, 73. Thus, WFM Group is a citizen of Delaware and Texas. WFM Group is not now, and was not at the time Plaintiff's Petition was filed, a citizen of the State of Missouri.

    **2.    The Amount in Controversy Requirement Is Satisfied for Purposes of Diversity Jurisdiction.**

16.    Under 28 U.S.C. § 1446(c)(2)(B), removal is proper if the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs.

17.    Section 1446(a) requires a defendant include "a short and plain statement of the grounds for removal in its notice of removal. *See* 28 U.S.C. § 1446(a). "[B]orrowing the familiar 'short and plain statement' standard" from Rule 8(a) of the Federal Rules of Civil Procedure, the United States Supreme Court has explained that Congress "intended to 'simplify the pleading requirements for removal' and to clarify that courts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 87 (2014) (quoting H.R. Rep. No. 100–889, p. 71 (1988)) (internal quotation marks omitted). The Supreme Court then held that to satisfy the "short and plain statement" requirement, the removal notice must allege the amount in controversy "plausibly" but "need not contain evidentiary submissions" to support the allegation. *Id*. at 83–84. In so holding, the Court quoted *Ellenburg v. Spartan Motors Chassis Inc.*, 519 F.3d 192 (4th Cir. 2008), for the proposition that "a removing party's notice of removal need not 'meet a higher pleading standard than the one imposed on a plaintiff in drafting an initial complaint.'" *Dart*, 574 U.S. at 86, quoting *Ellenburg*, 519 F.3d at 200.[2]

---

[2] Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart*, 574 U.S. at 89. If a court questions a defendant's amount-in-controversy allegation, the court *must* give the parties an opportunity to present evidence relating to the allegation and only then decide whether the preponderance of that evidence shows that the amount in controversy is met. *Id.* at 89 ("Evidence establishing the amount *is required* . . . when . . . the court questions[] the defendant's allegation.") (emphasis added). Thus, a court may not *sua sponte* remand a removed case based on a deficient amount-in-controversy allegation before giving the defendant an opportunity to cure the alleged deficiency. *See, e.g.*, *Ellenburg*, 519 F.3d at 194, 197–98; *Corporate Mgmt. Advisors, Inc. v. Artjen*

18. The general federal rule is that the complaint itself determines the amount in controversy. *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992). If plaintiff has not alleged a specific damages amount, however, a removing defendant must show by a preponderance of the evidence that the amount-in-controversy requirement is met. *See, e.g., St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998). This element is satisfied when it is "facially apparent" from the allegations in the complaint that the jurisdictional threshold likely is exceeded. *See, e.g., Brand Servs., LLC v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018); *Allen v. R. & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

19. Plaintiff brings this action on behalf of herself and putative classes of consumers who purchased 365 Rice Pilaf in Missouri and nine other states. *See* Petition, ¶108. Plaintiff alleges six separate claims for violation of consumer fraud statutes, breach of warranty, misrepresentation, fraud and unjust enrichment. *Id*., ¶¶116-148. She seeks, among other things, monetary and punitive damages, and an award of reasonable attorney and expert fees. *Id*. at p. 19. Considering the nature of Plaintiff's request for actual and punitive damages, as well as attorney fees, it is more likely than not that the amount-in-controversy requirement is met.

20. Plaintiff, however, also seeks injunctive relief requiring WFM Group to correct the alleged deception. "[T]he value of injunctive relief must also be considered" in assessing the amount in controversy. *See Dedloff v. Target Corp.*, No. 4:22-cv-00868-JAR, 2022 WL 5241807, at *3 (E.D. Mo. Oct. 6, 2022). The economic costs attendant to stopping production and distribution of the current product, and changing the product's packaging would be considerable. Thus, the cost of injunctive relief, combined with the total sales, punitive damages and attorneys' fees, cements the fact that the amount in controversy is satisfied.

---

*Complexus, Inc.*, 561 F.3d 1294, 1295–96, 1298 (11th Cir. 2009); *accord Harmon v. OKI Sys.*, 115 F.3d 477, 479 (7th Cir. 1997) (explaining that failure to allege amount in controversy constitutes a "procedural defect" that does not undermine jurisdiction).

21. Although WFM Group concedes no liability on Plaintiff's claims, assuming the allegations to be true for purposes of this notice, it is more likely than not that the amount in controversy, as it relates to Plaintiff Dedloff's individual claims, exceeds $75,000.00.

### IV.     VENUE IS PROPER

22. The United States District Court for the Eastern District of Missouri is the federal district court encompassing the Circuit Court for St. Charles County, Missouri, where this suit was originally filed. *See* 28 U.S.C. § 105(a)(1). WFM Group, therefore, has removed this action to the United States District Court for the district embracing the place where the action is pending, in accordance with 28 U.S.C. § 1441(a).

### V.     NOTICE OF REMOVAL TO PLAINTIFF AND STATE COURT, AND COPY OF THE COMPLETE FILE FROM THE STATE COURT ACTION.

23. Pursuant to Local Rule 2.02, WFM Group has attached the following to this Notice of Removal: Original Filing Form (Designation Sheet) (**Ex. 1**), Civil Cover Sheet (**Ex. 2**), and Disclosure of Organizational Interests (**Ex. 5**).

24. Local Rule 2.03 requires WFM Group attach a copy of the complete file from the state court. As such, WFM Group has attached the following to this Notice of Removal: Class Action Petition (**Ex. 3**), Summons (**Ex. 4**), and the current State Court Docket Sheet (**Ex. 6**).

25. Local Rule 2.03 requires the attachment of the Proof of Service, if the return of summons is available. As of the date of WFM Group's filing of this Notice of Removal, however, Plaintiff has not filed a Proof of Service or Return of Summons in the State Court Action.

26. Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be provided promptly to Plaintiff and filed with the Circuit Court for St. Charles County, Missouri. *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

## VI. RESERVATION OF RIGHTS

27. This Notice of Removal is filed subject to and with full reservation of all rights and defenses under federal or state law. No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case. Nothing in this Notice of Removal should be taken as an admission that the Plaintiff's allegations are sufficient to state a claim for relief or have any merit, or that the plaintiff or putative class members are entitled to or otherwise may recover any of the amounts described above.

Dated: December 14, 2022

Respectfully submitted,

POLSINELLI PC

By: /s/James P. Martin
   JAMES P. MARTIN (MO #50170)
   100 S. Fourth Street, Suite 1000
   St. Louis, MO 63102
   314.889.8000
   Fax No.: 314.231.1776
   jmartin@polsinelli.com

   BRIAN R. BLACKMAN (*pro hac vice application to be submitted*)
   WELLS BLAXTER (*pro hac vice application to be submitted*)
   BLAXTER | BLACKMAN LLP
   610 Montgomery Street, Suite 1110
   San Francisco, California 94111
   Tel: (415) 500-7704
   bblackman@blaxterlaw.com
   wblaxter@blaxterlaw.com

   ATTORNEYS FOR DEFENDANT
   WHOLE FOODS MARKET, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, by which notification of such filing was electronically sent to the following parties of record:

Daniel F. Harvath
HARVATH LAW GROUP, LLC
75 W. Lockwood Ave., Ste. 1
Webster Grove, MO 63119
Telephone: (314) 550-3717
Email: dharvath@harvathlawgroup.com

ATTORNEYS FOR PLAINTIFF
KATTIE DEDLOFF

I further certify that some of the participants in the case are not CM/ECF users.  I hereby certify that on December 14, 2022, I have mailed the foregoing document by First-Class Mail, postage prepaid, to the following non-CM/ECF participants:

Spencer Sheehan
SHEEHAN & ASSOCIATES, P.C.
60 Cuttermill Road, Ste. 412
Great Neck, NY 11021
Telephone: (516) 268-7080
Email:  spencer@spencersheehan.com

ATTORNEYS FOR PLAINTIFF
KATTIE DEDLOFF

/s/James P. Martin